FILED
BILLINGS DIV.
2011 DEC 20 PM 2 35
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>FRITZ ANDERSON,<br><br>Defendant/Movant. | Cause No. CR 07-015-BLG-RFC<br>CR 07-112-BLG-RFC<br><br>ORDER DENYING MOTIONS<br>AND DENYING CERTIFICATES<br>OF APPEALABILITY |

On December 12, 2011, Defendant/Movant Fritz Anderson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 was denied. So was a certificate of appealability.

On December 19, 2011, the Court received a "Supplemental Petition and Brief," dated December 12, 2011. The Supplement crossed in the mail with the Order of December 12. The Supplement, however, adds a new claim under a different cause number, *Anderson v. United States*, No. CR 07-112-BLG-RFC (D. Mont. filed Aug. 16, 2007). That case was consolidated for sentencing with Cause No. CR 07-15-

1

which was the subject of the initial § 2255 motion.

## I. Cause No. CR 07-15-BLG-RFC

The Court has considered whether Anderson's "Supplemental Petition and Brief" has any effect on the findings or conclusions of the Order of December 12. It does not. Anderson's conviction for possessing a firearm in furtherance of drug trafficking was based on his trading drugs for guns. *United States v. Anderson*, 359 Fed. Appx. 855, 856 (9th Cir. Dec. 21, 2009) (unpublished mem. disp.) (doc. 376). Robertson did not testify about that.

As to drug amounts, Anderson appears not to realize that the United States had to prove at trial beyond a reasonable doubt only the threshold quantities alleged in 21 U.S.C. § 841(b)(1)(A) or (B). At sentencing, the standard is lower – preponderance of the evidence or clear and convincing evidence, but not beyond a reasonable doubt. And, at any rate, the dozens of witnesses who testified, the others who gave statements but did not testify, and the consistencies among their testimony or statements were more than enough to support the findings made at sentencing.

The "Supplemental Petition and Brief" presents no new claims or arguments that alter the findings or conclusions of the Order of December 12.

## II. Cause No. CR 07-112-BLG-RFC

The motion is subject to preliminary review to determine whether "the motion

and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Setting aside the obvious untimeliness of this motion, 28 U.S.C. § 2255(f)(1); Notice (doc. 211), Anderson contends that he should have been permitted to argue that he was not accountable for distributing marijuana and ecstasy to a minor in violation of 21 U.S.C. § 859 because he made a reasonable mistake about the minor's age. A mistake of age defense is not available where the defendant is charged with distributing illegal drugs to a minor. *United States v. Valencia-Roldan*, 893 F.2d 1080, 1083 (9th Cir. 1990); *see also United States v. Pineda-Doval*, 614 F.3d 1019, 1028 (9th Cir. 2010) (noting "the prevailing sense in the courts that drug trafficking is a 'strict liability' offense"). This claim lacks merit and is denied.

### III. Certificates of Appealability

A movant makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because Anderson's "Supplemental Petition and Brief" adds nothing to his

original motion in Cause No. CR 07-15-BLG-RFC, there is no reason to alter the prior determination that a certificate of appealability is not warranted.

Anderson's claim in Cause No. CR 07-112-BLG-RFC is untimely and is also squarely foreclosed by binding circuit precedent. Reasonable jurists could find no basis for disagreeing with denial of the claim and no basis to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk of Court shall docket Anderson's "Supplemental Petition and Brief" in Cause No. CR 07-112-BLG-RFC as a motion under 28 U.S.C. § 2255 and shall open the corresponding civil case for administrative purposes only;

2. Anderson's "Supplemental Petition and Brief" (CR 07-15-BLG doc. 391, CR 07-112-BLG doc. 212) is DENIED;

3. A certificate of appealability is DENIED in both cases. The Clerk of Court shall immediately process the appeal if Anderson files a Notice of Appeal in either case or in both cases;

4. The Clerk of Court shall ensure that all pending motions are terminated and shall close the civil file corresponding to Cause No. CR 07-112-BLG-RFC by entering judgment in favor of the United States and against Anderson.

5. No motion for reconsideration or rehearing will be entertained.

DATED this 21th day of December, 2011.

Richard F. Cebull, Chief Judge
United States District Court